UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

NEELAM TANEJA a/k/a NEELAM UPPAL,

         Debtor.

NEELAM TANEJA a/k/a NEELAM UPPAL,

         Debtor/Appellant,

- against -

THE HEALTH LAW FIRM and GEORGE INDEST,

         Creditor/Appellees.

**OPINION AND ORDER**

17 Civ. 5618 (ER)

Ramos, D.J.:

  Neelam Taneja ("Taneja" or "Debtor") brings this appeal from four orders of Chief Bankruptcy Judge Cecilia Morris in the underlying adversary proceeding: (1) the June 1, 2017 Order dismissing her adversary proceeding against the Health Law Firm ("Creditor") and Creditor's attorney, George Indest ("Indest") (collectively, "Health Law"); (2) the June 23, 2017 order denying reconsideration of the dismissal; (3) the July 19, 2017 order granting sanctions against Taneja; (4) the September 7, 2017 order denying reargument on Health Law's sanctions motion. *See* Docs. 1, 9.[1] On October 27, 2017, Health Law moved for sanctions against Taneja. *See* Doc. 26. For the following reasons, the orders of the Bankruptcy Judge are AFFIRMED and Health Law's motion for sanctions is GRANTED.

---

[1] Citations to "Doc." refer to the docket in the instant matter, No. 17 Civ. 5618. "A.P. Doc." refers to the docket in the adversary proceeding, No. 17 A.P. 1027.

I.  **BACKGROUND**

Taneja has filed for bankruptcy six times—five times in the Middle District of Florida (including a petition made during the pendency of this bankruptcy appeal) and once in the Southern District of New York.[2] In each of the five times Taneja has filed for bankruptcy since 2012, her petition has been dismissed. Most recently, the Bankruptcy Judge in the Middle District of Florida found that Taneja was "an abusive serial bankruptcy filer" and enjoined her from filing for bankruptcy for two years. *See* Order dated January 11, 2018 (Doc. 40), *In re Neelam Taneja a/k/a Neelam Uppal*, No. 8:17 Bk. 10140 (CPM) (M.D. Fla. Bankr. Jan. 11, 2018). Taneja also has three additional appeals pending in this District related to her 2016 bankruptcy petition. *See* Doc. 60;[3] s*ee also Uppal v. Indest*, No. 17 Civ. 7072 (CM), 2017 WL 6405660, at *3 (S.D.N.Y. Oct. 12, 2017) ("According to PACER, Plaintiff has filed more than twenty-five cases in federal and circuit courts in New York, New Jersey, and Florida.").

This appeal stems from an adversary proceeding Taneja filed against Health Law during the bankruptcy proceeding below. In 2012, Taneja retained Health Law to represent her in proceedings before the Florida Board of Medicine, who sought to revoke her medical license. *See* A.P. Doc. 3 ¶ 8. By December 28, 2012, the representation ended. *Id.* Ex. 1 ¶ 9. In 2013, Health Law sued Taneja for unpaid legal fees. *Id.* ¶ 11.[4] A final judgment was entered against

---

[2] *See In re Neelam Uppal*, No. 8:00 Bk. 9734 (TEB) (M D. Fla. Bankr. 2000); *In re Neelam T. Uppal*, No. 8:12 Bk. 18946 (CPM) (M.D. Fla. Bankr. 2012); *In re Neelam T. Uppal*, No. 8:13 Bk. 5601 (CPM) (M.D. Fla. Bankr. 2013); *In re Neelam Taneja a/k/a Neelam Uppal*, No. 8:15 Bk. 594 (CPM) (M.D. Fla. Bankr. 2015); *In re Neelam Taneja a/k/a Neelam Uppal*, No. 16 Bk. 12356 (CGM) (S.D.N.Y. Bankr. 2016); *In re Neelam Taneja a/k/a Neelam Uppal*, 17 Bk. 10140 (CPM) (M.D. Fla. Bankr. 2017).

[3] Taneja filed an objection to this document, arguing that Health Law fabricated the fact that one of the appeals was captioned *Taneja v. Sapir*. *See* Doc. 62. The case, No. 17 Civ. 9429, is captioned *In re Neelam Taneja*, as are most of Taneja's appeals. Because Mr. Sapir was the Chapter 13 trustee below, he serves as the appellee, and therefore the case is also captioned *Taneja v. Sapir*. Taneja's objection is therefore overruled.

[4] *See The Health Law Firm v. Uppal*, No. 13-CA-3790-15-K (Fla. Cir. Ct. 2013).

Taneja on December 22, 2015. A.P. Doc. 3 ¶ 12. She appealed that decision on January 15, 2016. *Id.* ¶ 14.

On August 15, 2016, while that appeal was pending, Taneja filed the underlying bankruptcy action below. *Id.* Ex. 1 ¶ 17. Her adversary complaint against Health Law and its lawyer, George Indest, alleged that the law firm had violated the automatic stay. *See* A.P. Doc. 1. At a hearing on June 1, 2017, the Bankruptcy Judge dismissed the adversary proceeding. *See* Order dated June 5, 2017 (A.P. Doc. 15). On June 21, 2017, Taneja's motion seeking to reopen the adversary proceeding was filed. A.P. Doc. 19. On June 23, 2017, that motion was denied. *See* Order dated June 23, 2017 (A.P. Doc. 21).

Separately, on May 30, 2017, Health Law moved for sanctions against Taneja. A.P. Doc. 11. The Bankruptcy Judge found that Taneja's complaint in the adversary proceeding "contained false statements," and determined that it was a frivolous filing made "solely for the purpose of harassing and delaying" Health Law. *See* Order dated July 19, 2017 (A.P. Doc. 29). She imposed sanctions against Taneja in the amount of Health Law's attorneys' fees, $57,435.33. *Id.*

On July 14, 2017, Taneja moved for reconsideration of the sanctions order, insisting that Creditor failed to file a "notice of withdrawal." A.P. Doc. 28. On August 31, 2017, and again on September 7, 2017, the Bankruptcy Judge denied Taneja's motion for reconsideration. *See* Order dated August 31, 2017 (A.P. Doc. 46); Order dated September 7, 2017 (A.P. Doc. 50). Taneja appealed the Bankruptcy Court's dismissal of the adversary proceeding, the imposition of sanctions, and the denial of reconsideration of both orders. Docs. 1, 9. In response to Taneja's appeal, Health Law has moved for sanctions. *See* Doc. 26.[5]

---

[5] Health Law also filed a motion to strike Taneja's appendix to her reply brief, because it is not part of the record on appeal. The Court agrees that it may not consider evidence that was not properly before the bankruptcy court; however, it will simply disregard the appendix rather than strike it from the docket, as Health Law has not argued that the appendix is inflammatory or offensive. Health Law's motion is therefore DENIED.

## II. BANKRUPTCY APPEAL

### A. Legal Standard

This Court has jurisdiction to hear appeals from decisions of a bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides in relevant part that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1). A district court reviews a bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *See, e.g.*, *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988 (2d Cir. 1990). A bankruptcy court's discretionary decisions are reviewed for abuse of discretion. *See, e.g., In re Boodrow*, 126 F.3d 43, 47 (2d Cir. 1997).

In reviewing a decision of a bankruptcy court, the district court "may affirm on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below." *Freeman v. Journal Register Co.*, 452 B.R. 367, 369 (S.D.N.Y. 2010). But the district court may not consider evidence outside the record. *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008). Any arguments not raised in the bankruptcy court are considered waived; unless such a waiver results in manifest injustice, the new arguments will not be considered on appeal. *See In re Lionel Corp.*, 29 F.3d 88, 92 (2d Cir. 1994); *see also, e.g., In re Barquet Grp., Inc.*, 486 B.R. 68, 73 n. 3 (S.D.N.Y. 2012) (citing *In re Enron Corp.*, 419 F.3d 115, 126 (2d Cir. 2005)).

### B. Discussion

Taneja's appeal briefs offer a plethora of arguments, often unconnected from one another, in an attempt to show that Health Law and each of the state court and bankruptcy judges below

treated her unfairly and denied her an opportunity to defend herself. The Court has attempted to clarify Taneja's strongest arguments in favor of her appeal, and addresses them below.

### 1. Attorneys' Fees

Taneja alleges that Health Law submitted fabricated bills for attorneys' fees during both the underlying debt collection case and the subsequent bankruptcy cases. *See* Appellant's Br. (Doc. 28) at 6, 19–20.

As this Court explained in its November 20, 2017 Order, "the issues presented by this bankruptcy appeal concern whether Health Law violated the automatic stay, not whether Indest made false statements in connection with the legal fees owed in the Florida Litigation." *See* Doc. 35 at 8. Whether or not Taneja's allegations are correct—although the Court notes that they lack any support in the record—they are not germane to this dispute, which concerns whether the Bankruptcy Judge erred in dismissing Taneja's adversary proceeding.[6]

To the extent that Taneja intends for this allegation to attack the Bankruptcy Judge's decision to grant Health Law's request for attorney's fees below, the Court does not find that the Bankruptcy Judge abused her discretion. Taneja did not put forward any evidence—before that court or this one—that Health Law's fees were fabricated. Indeed, Health Law submitted several affidavits from outside experts on the reasonableness of their fee calculation. *See* A.P. Docs. 22–23, 25.

### 2. Service of Sanctions Motion

Taneja argues that the Bankruptcy Judge erred in determining that the sanctions motion had been properly served. *See* Appellant Br. at 24–25. During the sanctions hearing, Indest

---

[6] Health Law argues that Taneja's argument regarding attorney's fees is also barred by the doctrine of *res judicata*, because it was considered and rejected by the Florida court which presided over the underlying debt case. *See* Appellee's Br. (Doc. 54-1) at 11, 25–26. Health Law, however, does not provide the Court with any decision in which the issue of Health Law's alleged fabrication of bills was clearly raised and rejected. *Id.*

indicated that the motion was served on Taneja on May 5, 2017, and was filed on the docket after the safe harbor period on May 30, 2017. *See* A.P. Doc. 33 (July 13, 2017 Hearing Transcript). Taneja claims that she was not served with the motion until May 30, 2017, the evening before a bankruptcy hearing.[7] *See* Appellant Reply Br. (Doc. 58) at 20–21.

Taneja raised these claims before the Bankruptcy Judge during the sanctions hearing held on July 13, 2017. *See* A.P. Doc. 33. The Bankruptcy Judge determined that "there was 21-day notice" before the filing of the motion because Health Law entered "the certificate of service on it when it was filed." *Id.* She stated that she would not credit Taneja's insistence that she had not been properly served. *Id.* A bankruptcy judge's determinations "on the credibility of witnesses . . . are reviewed under an abuse of discretion standard." *In re CBI Holding Co., Inc.*, 419 B.R. 553, 563 (S.D.N.Y. 2009) (citing *Universal Church v. Geltzer*, 463 F.3d 218, 226 (2d Cir. 2006)). The Court finds that the Bankruptcy Judge did not abuse her discretion in finding that the service requirements of Rule 9011 of the Federal Rules of Bankruptcy Procedure had been met. First, Health Law filed the letters and e-mails it sent Taneja and her then-attorney, Arlene Gordon-Oliver, which were dated May 5, 2017. *See* A.P. Doc. 14. Second, during the hearing, Taneja's testimony was inconsistent, and she admitted that she was served with a copy of the sanctions motion in advance, but was never served with a document entitled "notice of withdrawal," which she believed was necessary to complete service. *See* A.P. Doc. 33.[8] There was ample evidence in the record, therefore, to support the Bankruptcy Judge's finding that

---

[7] During the June 1 hearing, the Bankruptcy Judge dismissed Taneja's adversary proceeding, but did not resolve the merits of Health Law's sanctions motion. *Id.*

[8] Rule 9011 of the Federal Rules of Bankruptcy Procedure requires that a party serve the motion at least twenty-one days before it is filed with the bankruptcy court. It does not require the service of any document entitled "notice of withdrawal." *See* Fed. R. Bankr. P. 9011(c)(1)(A).

service had been proper, and her decision to disregard Taneja's statement that she had not been served was not an abuse of discretion.

### 3. Additional Arguments

Taneja puts forward several additional arguments in support of her appeal, all of them made spuriously, without any evidentiary support, and without any explanation. For example, Taneja asserts, without citation to any evidence, that the bankruptcy court "erred by not scanning the filings of the debtor onto the docket." Appellant Br. at 7–8. She also states that the Bankruptcy Judge "neglected to read the pleadings." *Id.* at 8. She makes similar accusations of Health Law, accusing the firm of "repeatedly fabricating documents, deceiving the court, and committing perjury" and of orchestrating the replacement of the prior judge proceeding over the bankruptcy petition with Chief Bankruptcy Judge Morris. *Id.* at 21, 24. The Court discerns no purpose in these statements other than to denigrate the Bankruptcy Judge and Appellees.

Taneja also argues, briefly, that Health Law "manipulated the Clerks of the Appellate court to sign orders in his favor during the pendency of the Automatic stay." *Id.* at 23. In support of this statement, she cites to Exhibit 5 of the Appendix; however, the document contained therein is not part of the record on appeal and the Court cannot consider it. *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 339 (S.D.N.Y. 2008) (noting that a district court may not consider evidence outside the record).[9]

The Court finds no indication that any of the Bankruptcy Judge's decisions were clearly erroneous. The Court therefore AFFIRMS the decisions of the bankruptcy court below.

---

[9] Even if the Court were to consider the document, Taneja has provided the Court with a single page from a reply filed by Health Law in state court in September 2017, in which Health Law states that "this case is not currently pending before any other court." *See* Doc. 29 Ex. 5. In September 2017, the adversary proceeding had already been dismissed. This evidence, therefore, is not relevant to whether the Bankruptcy Judge erred in dismissing the adversary proceeding.

## III. SANCTIONS

### A. Legal Standards

Rule 11 of the Federal Rules of Civil Procedure states that the court may impose sanctions "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated . . . ." Fed. R. Civ. P. 11(c)(1); *see also Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (stating that "sanctions under Rule 11 are discretionary, not mandatory"). Rule 9011 of the Federal Rules of Bankruptcy Procedure parallels Rule 11, "containing only such modifications as are appropriate in bankruptcy matters." *In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 227 (2d Cir. 1991) (internal quotations omitted) (quoting *Cinema Serv. Corp. v. Edbee Corp.*, 774 F.2d 584, 585 (3d Cir. 1985)). "A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification or reversal of existing law." *Robledo v. Bond No. 9*, 965 F. Supp. 2d 470, 477–78 (S.D.N.Y. 2013) (internal citations and quotations omitted) (quoting *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002)).

Under Rule 38 of the Federal Rules of Appellate Procedure, a court of appeals may, after a motion is filed separately and the appellant is given a reasonable opportunity to respond, sanction an appellant for bringing a frivolous appeal. *See* Fed. R. App. P. 38. Rule 8020 of the Federal Rules of Bankruptcy Procedure "adopts the provisions of Rule 38." *See In re Carlton Concrete Corp.*, No. 08 Civ. 242 (JFB), 2008 WL 4443233, at *11 n.9 (E.D.N.Y. Sep. 26, 2008); Fed R. Bankr. P. 8020 (providing that a district court or BAP may award damages and "single or double costs" to the appellee if it determines that an appeal was frivolous). Sanctions under

8

Rules 38 and/or 8020 may be imposed where an appeal is "totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence." *StreetEasy, Inc. v. Chertok*, No. 16-2474, 2018 WL 1478238, at *2 (2d Cir. Mar. 26, 2018) (quoting *In re Drexel Burnham Lambert Grp. Inc.*, 995 F.2d 1138, 1147 (2d Cir. 1993)); *see also In re Carlton Concrete Corp.*, 2008 WL 4443233, at *11 n.9.

### B. Discussion

Health Law argues that Taneja should be sanctioned for bringing this appeal of the Bankruptcy Judge's orders because her appeal was frivolous, spurious, and filed only to harass it. *See* Memorandum of Law in Support of Motion for Sanctions (Doc. 26) at 4–5. It seeks several forms of relief, including: (1) double attorney's fees; (2) an award for "any damages" Health Law has incurred; (3) enjoining Taneja from filing any bankruptcy or other actions for at least three years; (4) requiring Taneja to seek the Court's permission before filing any new motions; (5) ordering Taneja to pay $25,000 to the New York Legal Aid Society; (6) ordering Taneja to pay $1,000 for every day she fails to pay Health Law the amount they are owed; and (7) publicly reprimanding her. *Id.* at 16–17.

As stated above, Taneja has participated in six bankruptcy proceedings and at least twenty-five federal proceedings. Although *pro se* litigants are afforded special solicitude, Taneja is very familiar with federal court proceedings. *See Uppal v. Indest*, 2017 WL 6405660, at *3–4; *Sledge v. Kooi*, 564 F.3d 105, 109–10 (2d Cir. 2009) (explaining that in certain circumstances, a litigious plaintiff may not be entitled to special solicitude because of her familiarity with the legal system). Taneja has been repeatedly warned about making conclusory and unsupported allegations in court filings. *See, e.g.*, Order dated December 9, 2014 (Doc. 7) at 5, *Uppal v. Fla. Bd. of Med.*, No. 14 Civ. 9024 (ER) (S.D.N.Y. 2014); Order dated March 21, 2018 (Doc. 15), at

2, *In re Neelam Taneja*, 17 Civ. 9429 (JGK) (S.D.N.Y. 2017). She has also been warned by numerous judges, including during the pendency of this appeal, that continuing to raise frivolous issues would result in sanctions. *See Uppal v. Indest*, 2017 WL 6405660, at *3; *Uppal v. Wells Fargo Bank*, No. 8:15 Civ. 68 (SDM), 2015 WL 12765539, at *1 (M.D. Fla. Mar. 26, 2015); *Uppal v. Uppal*, No. 8:10 Civ. 2566 (SDM), 2011 WL 2516676, at *1 (M.D. Fla. June 23, 2011).

Here, the Bankruptcy Judge dismissed the adversary proceeding below and imposed sanctions against Taneja for bringing the proceeding in bad faith. *See* A.P. Doc. 29. Seemingly undeterred, Taneja pursued this appeal. In *Davey v. Dolan*, the Second Circuit upheld the imposition of sanctions on a *pro se* litigant, finding that:

> We are not entirely unsympathetic with the plaintiff's personal sense of grievance with respect to these matters. But after reviewing plaintiff's history of vexatious litigation arising from his divorce, we conclude that . . . the district court's imposition of sanctions was appropriate because plaintiff, having adequately been warned of the possibility of sanctions, has nonetheless repeatedly pursued meritless claims despite being warned by courts at every turn to cease the bad faith litigation.

*Davey*, 292 F. App'x 127, 128 (2d Cir. 2008). The Circuit further ordered the litigant to show cause as to why it should not impose sanctions for the filing of a frivolous appeal. *Id.*; *see also Moore v. Time, Inc.*, 180 F.3d 463, 463 (2d Cir. 1999) (finding sanctions for a frivolous appeal appropriate where the magistrate judge had previously admonished the attorney that the complaint presented no non-frivolous claims). The Court finds that Taneja's appeal, which rests almost entirely on the unsupported allegations of wrongdoing she raised before the Bankruptcy Judge, was similarly brought in bad faith.

The Court, however, has significant discretion in levying sanctions. *E.g.*, Fed. R. Civ. P. 11 advisory committee note to 1983 Amendments ("The court . . . has discretion to tailor sanctions to the particular facts of the case . . . ."). In this case, the Court finds that because

Health Law has already prevailed on its claim for the underlying debt and secured an award of attorney's fees for its litigation below, awarding the full relief Health Law seeks—among other things, double attorney's fees, a $25,000 donation, and $1,000 per day—is unnecessary. Instead, the Court admonishes Taneja to refrain from making further frivolous filings and sanctions her in the form of a $5,000.00 fee to be paid to Appellees.

## IV. CONCLUSION

For the aforementioned reasons, the decisions of the Bankruptcy Judge are AFFIRMED and Health Law's motion for sanctions is GRANTED. The Clerk of Court is respectfully directed to terminate the outstanding motions (Docs. 26 and 61) and mail a copy of this Order to Debtor. It is SO ORDERED.

Dated: April 16, 2018
New York, New York

Edgardo Ramos, U.S.D.J.